We'll turn to the second case on the calendar, 18-1036 KG, Cherry v. Garland. Mr. Williams, you're going to handle both of these cases. Why don't you begin with the Cherry case? Ms. Williams. Good afternoon, your honors. I may please the court. My name is Alyssa Williams, and I represent the petitioner, Mr. Kevin Cherry, pro bono in this matter. I'd like to reserve two minutes for rebuttal. Your honors, there are two issues presented for this court's review. The first is whether the elements for a conviction to Connecticut General Statute 21A-277A do not match the definition of a federal controlled substance offense, and therefore cannot be an aggravated felony under the Immigration and Nationality Act. Second is whether Connecticut General Statute 21A-277A is not an aggravated felony because it is an indivisible statute that includes conduct that does not meet the definition of illicit trafficking. Your honors, at the core of this case is the definition of an aggravated felony in illicit trafficking. That's set forth at 8 U.S.C. 1101A-43, and specifically is relevant to this case, subsection B, which states a conviction will be for an aggravated felony if it is for illicit trafficking in a controlled substance, including a drug trafficking crime. So where we must first begin is the requirement that the conviction be for trafficking in a controlled substance. The case law from this court and the Supreme Court tell us that to meet this requirement, an element of the state offense must categorically match the federal controlled substance schedules. Or otherwise stated, as by the Supreme Court in Malooly v. Lynch, the state offense must be confined to a federally controlled substance in order to trigger removal. If it does not, then the analysis ends there. What we have, your honors, is a statute, 21A-277A, that is alternatively phrased. And the Supreme Court in Mathis tells us with alternatively phrased statutes, it's important to first distinguish whether the language lists the various factual ways in which the statute can be violated. Because these factual ways or means, as the Supreme Court refers to it in Mathis at page 2249, these ways or means are not considered the statute's elements. And so this is the important distinction. And the Supreme Court in this court provide us with the tools for how to determine the elements, and specifically how to determine the elements when we're dealing with drug schedules and controlled substance offenses. Excuse me, counsel. Is what you're now talking about also referred to as whether the statute is divisible? That's correct, your honor, within the categorical approach. We're thinking about the same thing. Yes, thank you, your honor. And so when we're applying this categorical approach to assess a statute's divisibility or to assess a statute's elements, if we apply the very clear and limited tools given to us by the Supreme Court in this court, we arrive at the conclusion that 21A-277A only has two elements, and that the specific nature of the substance involved is not one of those elements. So if I may start with the list of the tools. The tools given to us by the Supreme Court, primarily in Mathis, and then built on by the court also in Moncrief, and certainly by this court in Harbin and Hilton, tell us that we first start with the statutory text of the state statute and the structure, that we then can also look at the punishment scheme of that state statute, and if necessary thereafter, we can look to state case law to help us in determining the elements. And if we start with the language at 21A-277A... Why doesn't the modified categorical approach apply here? Yes, your honor, because before we can get to a modified categorical approach, we first have to determine what are the elements of the statute. We first have to determine under the categorical approach what the elements are. And then we take a look at each of those elements, and we have to then assess what is the minimum conduct for a violation of that particular element. So we first have to understand what the basic elements are of the statute, before we can move on to any other further analysis. Well, Connecticut state law wouldn't permit me to get convicted of selling LSD if I'd been selling cocaine, right? I'm not sure what the answer is to that question, your honor. Truthfully, the way Connecticut law is structured under 21A-277A, you would just need to show that the prosecutors would need to establish, or a jury would need to conclusively find that a defendant took one of the prohibited actions, and that it involved any narcotic or hallucinogenic substance in Connecticut. Are you suggesting that a defendant in Connecticut could get convicted of violating this statute if four of the jurors believed he'd sold LSD, four believed he'd sold cocaine, and four believed he'd sold something else? Precisely, your honor. That would be a valid conviction in Connecticut, you believe? That would be, your honor. That is what the structure of the statute, certainly the punishment scheme, and then even moving forward to Connecticut case law would all support such a finding. Is there any case in Connecticut that so holds? Your honor, I think what is more telling is that the cases that the government relies on in this brief shows precisely that they have not given any case where a defendant has been convicted in one single criminal indictment of two counts for violating 21A-277A. That in all the cases that the respondent cites, if a person had more than one substance, they were actually convicted under two separate Connecticut statutes. There's no case law that the respondent points to, nor any case law that we can find, to show that you can have multiple convictions under 21A-277A simply because you had a variety of controlled substances. Counselor, if we, despite your best efforts, thought this statute were divisible, is there any way you can prevail on this petition? Yes, your honor. I mean, first, the case law certainly very strongly suggests that the statute is not divisible. I understand, but my question is if it is divisible. If it is not divisible in this case? No, if it is divisible. If it is divisible in your case as to the specific identity of the substance at issue, if that were to be hypothetically the case, what we have here is that the plea in this case was considered an Alfred plea. And we know from the Supreme Court case in North Carolina v. Alfred, the Supreme Court...  When the court inquires as to divisibility, do we look to see what kind of a plea it was or what kind of a substance? Don't we just look at the statute and the pertinent state case law and decide if the statute is divisible? We don't go and look at the record of the proceeding to tell us whether the statute is divisible, do we?  Okay, so back to my question. If, despite your argument, we think it is divisible, and I'm not saying we will, it's a question, but if it is divisible in our judgment, is that the end of your case? No, your honor, because if it's divisible, the court would still have to then determine which of the divisible elements Mr. Graham was convicted of. And then the court would have to decide, even if it's divisible, and you determine what specifically he was convicted of, you then have to still decide, is that a federal controlled substance offense? And in this case... Can we look at the charging documents to determine that? That was precisely the point that I was also raising, your honor, thank you, is that the charging documents in this case are not indicative of the statute, of the specific nature of the controlled substance offense for which Mr. Graham was convicted. I thought the charging documents indicated that he was clinging to narcotics charges, cocaine I think it was. No, perhaps, your honor, there are a few different documents that are considered part of a record of conviction. The subsequent indictment. Right, and in this case, your honor, there's a handwritten notation on the document that sort of in shorthand says possession with intent to sell narcotic, and I think that's under the case law certainly is not substantive and probative evidence of specifically what a defendant was convicted of, especially when you look at... Did you say it was not? I'm sorry? Did you say it was or was not? I'm sorry, I just didn't hear you. No, it is not, your honor. In this case, in Connecticut, if we look at the specific record before us, you see that it is simply just a handwritten notation. There's no indication if it was a clerk, if it was the court, where this was handwritten as to the... It was sort of shorthand, Connecticut General Statutes 21A-277A and written out. If we look at the plea colloquy in this case, that's certainly where the prosecutor gives its version of the facts, but certainly this court has told us that rendition of the facts aren't necessarily indicative when we're making an elements-based categorical approach, but more importantly in this case where Mr. Graham pled guilty under the Alfred Doctrine, the specific purpose of the Alfred Doctrine given to us by the Supreme Court is that a defendant does not admit any of the facts alleged by prosecution in taking an Alfred plea. So in this case, because of the constitutional protections given to him by the Supreme Court in an Alfred plea, there is no evidence of the specific nature of the offense to which Mr. Graham pled guilty that the government could rely on. Thank you, Ms. Williams, very much. I've given you obviously some extra time and you've reserved two minutes and after we've heard from Mr. Schor, we'll hear from you again. Thank you, Your Honor. Mr. Schor. Thank you, Your Honor. Good afternoon, Your Honor. May it please the court, my name is David Schor and I represent the Attorney General of the United States. In this immigration matter, Commissioner Mr. Cherry conceded that he is subject to removal as charged and he had a full and fair opportunity to present his claims for relief and protection from removal. The issue before the court is whether the agency correctly ruled that Mr. Cherry failed to prove that he was not convicted of an aggravated felony drug trafficking crime and disqualified relief. The board determined that... Is this statute divisible? Yes, Your Honor, it is. Okay. It's divisible on two separate levels. It's divisible as to... Well, the statute applies only to narcotics and hallucinogens. There's a separate statute, subsection B, for other controlled substances. Case after case cited in... Or that's cited in page 34 to 35 of the respondent's brief, but case after case of the Connecticut Supreme Court state that the elements include, you know, and the jury has to find that beyond a reasonable doubt, including the character of the substance or the hallucinogenic character of the substance. But further than that, the statute is also divisible as to the specific identity of the drug. The Connecticut Supreme Court has distinguished between mere possession crimes, where simultaneous possession does not give rise to a separate crime, and possession with intent to sell or sale crimes, like Mr. Cherry's crime. And in those cases, there's two punishments. And the reason there's two punishments, in Safety Hill, the Connecticut Supreme Court applied the Lockberger test, the double jeopardy test, and said, for each of these crimes, there's an element, something that has to be proven beyond a reasonable doubt, for each charge, that the other charge does not include. And specifically, that is the identity of the drug at issue. Now, in Safety Hill, one statute that the Supreme Court was looking at was this very statute, 277 subsection A, as well as in different statutes. Let me try to understand your argument in pieces. When you refer to any, they've got to focus on the substance. Are you going so far as to say it's divisible into 100 pieces, because there could be 100 different substances that the guy could sell? Is that your point? Yes. You want to say it's divisible 100 ways, assuming there are 100 different types of narcotics? Correct, Your Honor. Well, all right, but you don't need that to win, right? All you have to do is show it's divisible into two parts, narcotics and hallucinogenic. And the government has shown both, yes. Okay, all right. The thing is that you want to divide it 100 ways when apparently your position is you win if you can only divide it two ways. Well, yes. So if the narcotic or the hallucinogenic, if that's a simple means of establishing a single crime, and the state just has to prove a narcotic or any narcotic. If it's divisible two ways, do we know on this record that even though it's an Alford plea, the plea he was entering was to a charge of narcotics? Yes, Your Honor. Okay. Yes. If that's true, you win, right? Yes. If the statute is divisible, the case is over for two reasons. The first reason is the recent Supreme Court case in Pareto, which holds that if a statute is divisible and thus amenable to a modified categorical inquiry, and if the conviction record itself is inconclusive, so we don't know which crime that the defendant pled to, well, then the petitioner, in this case, has failed to prove his eligibility for relief. He bears the burden, and so therefore he bears the cost of any inconclusive conviction record. Is it the government's position that the record of conviction here is inconclusive? No. What's the government's position on that point? Okay. Subsequent to this court's decision in Savage, where the court discussed the Alford plea, the Supreme Court issued discounts and methods, which clarified that when we're conducting a modified categorical inquiry, we're not looking at facts. We're not looking at what facts a defendant had admitted. We're looking at what he was charged with. It's the government's position that the record of conviction here shows what? The prosecutor, Your Honor, during the plea colloquy, stated what the charge was. That it involved cocaine, specifically. And that's sufficient post desk camps, post madness, to identify the charge. But we don't even have to get there, Your Honor. But Cherry didn't admit to that, did he? He entered an Alford plea, Your Honor. So he didn't admit to that, correct? Correct, Your Honor. But again, the facts, what he admitted to, that's not part of the modified categorical inquiry. The question is, what was the charge? We know that an Alford plea is a conviction. So then the question is, what is the charge? We know that the charge was cocaine because the prosecutor said as much on the record. But we don't even need to get there, Your Honor, because he loses under Pareda. Because if it's unclear, if because of the Alford plea it's unclear, Pareda holds that the petitioner has therefore failed to carry his burden. What does the charging document say? We have an abstracted judgment that says 277. What did the charging document say? It says narcotic. I'm sorry. It's not the charging document. It's the abstracted judgment. I don't believe we have a specific charging document in this record. And I do want to make just one other point in the few seconds I have left, which is this issue of the divisibility of the drug schedule, it's not even properly before the court in this petition because the petitioner never presented it to the board. He never stated, oh, there's these four drugs that make the Connecticut schedules overbroad. Instead, he talked about there has to be some sort of commercial element in order for a crime to be a drug trafficking crime. Well, the Supreme Court case law, this court's case law says no. Any felony, any felony under the CSA, the Controlled Substances Act, is a drug trafficking crime, full stop. There's no separate requirement of a commercial element. So this court should not topple over agency decisions based on an issue that petitioner never raised when he had the opportunity to do so. This is not a subsidiary legal argument, but a totally separate issue. I see that my time is up. I did have one more point to make, but unless the panel has any additional questions, the government will submit all the briefs. No, go ahead. You have one argument. Thank you, Your Honor. So in an effort to show that the statute is overbroad, petitioner cites four substances. He cites no statutory authority or case law showing that any of these four are narcotics or hallucinogens as a matter of Connecticut law. He tries to fill this gap with evidence, pointing to the website and pointing to the expert declaration in the other case, Graham, which you're about to hear argument in. That argument fails for two reasons. First, this is a legal inquiry, not an evidentiary one. Second, any evidence would have to have been submitted to the board in the first instance. So, again, his failure to raise the issue at all before the agency is dispositive. And so unless there are any questions from the court, the court should deny the petition for review. Mr. Schor, I just have one wrap-up question to confirm what I take to be your argument in response to questions asked by my colleagues. I take it it's your view that to the extent that the crime Cherry was convicted under is unclear to us, that that would cut against Cherry on the theory that Cherry has the burden to prove eligibility for asylum and withholding. Is that right? Correct, Your Honor. With one qualification, yes. The statute has to be amenable to a modified categorical analysis. If that is the case, he bears the burden of showing that he was convicted under the portion that is overbroad, that is not an aggravated felony. And the Supreme Court held this explicitly in Pareto, which was just recently decided within the last several weeks. Thanks very much. Thank you, Your Honor. Ms. Williams has reserved two minutes. Thank you, Your Honor. I'd like to start with Judge Cabrera's last question posed to Respondents' Council, which was whether or not, because as the government concedes here, this is a legal inquiry, whether or not burden of proof matters. And because there is a legal question, the issue of burden of proof is not at play here. And in fact, we see Justice Breyer in the dissent in Pareto specifically tells us that if and when we're dealing with legal questions, quote, legal questions are not affected by a burden of proof. And that's in Pareto itself at page 773. But I'd like to also respond to what government counsel started with, is this allegation that case after case in the Connecticut Supreme Court, they require the specific identity of a controlled substance to be an element of offense. And that is simply not true, Your Honors. And I'd ask that you look very carefully at the cases that the government relies on here. Because in those cases, as Judge Newman was pointing out, they're not bringing charges based on the number or the quantity of alleged controlled substances in a case. What we see is that if a defendant, for instance, let's take State v. Hill, which is the government's main case. In that case, the defendant was convicted once for 21A-277A, and then once for 21A-278A. And that was the substance of the court's decision in State v. Hill, that because the Connecticut legislature created two separate statutes, therefore this person could be convicted twice. And similarly, they recently brought up a case, State v. Knight, where there were eight separate convictions in that case. And if Your Honors look carefully, you'll note that each of those were under eight separate Connecticut statutes. They didn't charge him and convict him eight times under 21A-277A. There were eight separate Connecticut statutes to which the person had to be convicted, and that's the important distinction. Ms. Lynch, your time is up, but I'd like to ask you a wrap-up question. Yes, Your Honor. Mr. Schor has made much of the decision of the Supreme Court in Pereira v. Wilkinson, as you know, decided this year. What's your take on Pereira v. Wilkinson? What's the relevance or lack of relevance of that case to this one? Sure, Your Honor. Yes, I would—that Pereira, as to this case here, what we're looking at is a categorical approach to drug schedules, whereas Pereira was analysis of whether a crime is inherently moral and vile, very different analyses. But the most important question, Your Honors, is here where we're applying the categorical approach. It's a legal inquiry. And, again, Justice Breyer in Pereira reminds us that when we're dealing with legal questions, these are not affected by evidence of proof. And you seem to—and I take it your view is that the views of a dissenting justice should persuade us on this issue. Is that your view? Certainly, it's relative and probative. No, Your Honor, I think what Justice Breyer was saying there was reminding us that in Pereira the case got further along, again, because what is involved with a crime involving moral turpitude, and that it had moved away from strictly legal questions. So it's not undermining the Pereira decision, but just reminding us that if we are dealing with strictly legal questions to identify a statute's elements, burden of proof is not at issue. Counsel, even if we accept the Breyer view, and I think many would, that this is not a burden of proof issue because it's not factual, we still—that doesn't win the case for you. We then have to decide do we think it's divisible as a legal question, right? That's correct, Your Honor. So even if the government's argument about burden of proof were to be cast aside, I'm not suggesting it will be, but even if it were, there would remain for us the legal question of divisibility, right? I believe that is true, Your Honor. Okay. Thanks, Ms. Williams, very much. We'll reserve decision in 18-1036-AG, and we'll take—